UNITED STATES of America, Plaintiff,

v.

Louis F. CIMINO, Rita A. Cimino, Michael Cimino, John Cimino, and Bernadette Marvel, Defendants.

No. 4:03M97–WCS.

United States District Court, N.D. Florida, Tallahassee Division.

Dec. 16, 2003.

**696**

Charles M. Flesch, U.S. Department of Justice—Tax Division, Washington, DC, for Plaintiff.

---

### ORDER

SHERRILL, United States Magistrate Judge.

Bernadette Marvel and Raymond Marvel have moved for a protective order. The motion asks the court to quash a Rule 45 subpoena, to sanction the United States and counsel, or to transfer this matter to the Eastern District of Pennsylvania.

**Counsel not admitted to practice**

Counsel for movants are not admitted to practice in this district. The motion is denied without prejudice for that reason. However, rather than delay this discovery for further litigation on the subject, the court will also adjudicate other issues raised by the motion.

**Failure to confer**

Counsel for movants failed to confer before filing this motion as required by Local Rule 7.1(B). The motion is denied without prejudice for that reason. However, as with the last issue, rather than delay this discovery for further litigation on this subject, the court will also adjudicate other issues raised by the motion.

**Standing**

■  Movants have standing to object to a third-party subpoena duces tecum to assert their own privacy interests in these bank records. *Catskill Development, L.L.C. v. Park Place Entertainment Corp.,* 206 F.R.D. 78, 93 (S.D.N.Y.2002); *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D.Colo.1997); *Olympic Chartering, S.A. v. Ministry of Industry and Trade of Jordan,* 134 F.Supp.2d 528, 535 (S.D.N.Y.2001); *Syposs v. United States,* 181 F.R.D. 224, 227 (W.D.N.Y.1998) and cases cited.

**Privacy**

■  There is no privacy interest in bank records created by the Right to Financial Privacy Act "when financial records are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts in connection with litigation to which the Government authority and the customer are parties." 12 U.S.C. § 3413(e). There is no Fourth Amendment privacy interest in records held by the bank. *In re McVane,* 44 F.3d 1127, 1138 n. 4 (2d Cir.1995), *citing United States v. Miller,* 425 U.S. 435, 440, 96 S.Ct. 1619, 1622–1623, 48 L.Ed.2d 71 (1976). Finally, there is no common law *privilege* that *precludes* discovery of these records. *United States v. Bell,* 217 F.R.D. 335, 343 (M.D.Pa.2003); *Sierra Rutile Limited v. Katz,* No. 90 Civ. 4913(JFK), 1994 WL 185751, *2 (S.D.N.Y.1994). Thus, the only protection is that afforded by Fed.R.Civ.P. 26(c). *Id.*

■  Movants rely upon *In re McVane,* but that case involved a different circumstance. There, the FDIC had issued "administrative subpoenas issued pursuant to an agency investigation into corporate wrongdoing," and

the heightened standard the court adopted for obtaining "personal records of persons who are not themselves targets of the investigation" was adopted to deal with the privacy interests of such persons. 44 F.3d at 1138. Here, Bernadette Marvel and Raymond Marvel are married and Bernadette Marvel is not a target of an administrative proceeding. Bernadette Marvel is a judgment debtor with obligations in a district court. She is not a target of an administrative investigation. The court has been unable to find any case imposing any sort of heightened protection for bank records when post-judgment discovery is conducted pursuant to Rules 26 and 45.

The United States has shown that on February 27, 2002, movants represented that both were unemployed. The United States has shown that on September 30, 2003, movants advised that Bernadette Marvel has been unemployed for 20 months, and that Raymond Marvel has had his income reduced by 60% and has been unable to find a fulltime job for 20 months. The United States has shown that on June 20, 2002, Raymond Marvel purchased a condominium for $445,000, with title placed in his name. Raymond Marvel and Bernadette Marvel then gave two mortgages on this property, the first in the amount of $356,000. The condominium then was placed into a living revocable trust in the name of Raymond Marvel. Movants apparently have income or property to pay a monthly mortgage payment and to induce a bank to loan $356,000. The judgment remains unsatisfied. Under these circumstances, this discovery is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Sierra Rutile Limited v. Katz*, No. 90 Civ. 4913(JFK), 1994 WL 185751, *3 (Rule 45 subpoenas).

Further, movants seek only to quash the subpoena. There is no privilege warranting this sort of relief, and good cause for entirely precluding discovery pursuant to Fed. R.Civ.P. 26(c) has not been shown. While the motion is styled a motion for a protective order, movants do not ask for protection of privacy interests in the conventional way, that is, to hold the records confidential from public disclosure subject to confidential use by the party seeking the discovery. If a conventional protective order were sought, the court would be required to sort out the privacy interests of Bernadette Marvel and Raymond Marvel and then try to craft some protection to keep the records confidential. There may be some difference, as only Bernadette Marvel is the judgment debtor, but the court doubts it since the records sought are joint records. But that remedy has not been sought, and in any event, such protection would not preclude discovery.

### Duplication of discovery in the Eastern District of Pennsylvania and burdensomeness

The discovery is not a duplication of discovery in the case pending in the Eastern District of Pennsylvania. The United States is entitled to obtain these documents from the bank to see what information the movants presented to the bank. This may or may not differ from what movants may produce in discovery from their own records, but the United States is entitled to closure on the point. This is discovery.

Movants have no standing to argue that the bank will be unreasonably burdened by compliance with this subpoena. That is an issue for the bank to raise.

### Transfer to the Eastern District of Pennsylvania

This is a subpoena issued from this court to a non-party resident in this district. While a case might occur where the suggestion of transfer would be reasonable, this is not the case.

### Sanctions

This aspect of this motion is plainly without merit. The United States is pursuing entirely legitimate post-judgment discovery.

Accordingly, it is **ORDERED** that the motion filed by Bernadette Marvel and Raymond Marvel for a protective order, to quash a Rule 45 subpoena, for sanctions, or to

transfer this matter to the Eastern District of Pennsylvania, is **DENIED** on the merits.